UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| ANDRE J., | | |
| | Plaintiff, | **DECISION and ORDER** |
| v. | | |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | | **20-CV-882F** (**consent**) |
| | Defendant. | |

_____

APPEARANCES:  LAW OFFICES OF KENNETH R. HILLER, PLLC
Attorneys for Plaintiff
KENNETH R. HILLER, and
AMY C. CHAMBERS, of Counsel
6000 North Bailey Avenue, Suite 1A
Amherst, New York  14226

TRINI E. ROSS
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York  14202
       and
VERNON NORWOOD
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza – Room 3904
New York, New York  10278

## JURISDICTION

On October 7, 2021, the parties to this action consented pursuant to 28 U.S.C.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

§ 636(c), Local Rule of Civil Procedure – W.D.N.Y. 73(b), and this court's June 29, 2018 Social Security Appeals Standing Order, to proceed before the undersigned.  (Dkt. 14). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 9, 2021 (Dkt. 12), and by Defendant on September 1, 2021 (Dkt. 13).

## BACKGROUND

Plaintiff Andre J. ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on June 7, 2016, for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he became disabled on July 26, 2015, based on a learning disability, behavioral disability, depression, and an inability to focus when reading or talking to others.  AR[2] at 363, 387, 391.  Plaintiff's application initially was denied on December 6, 2016, AR at 244-55, and at Plaintiff's timely request, on April 1, 2019, a hearing was held in Buffalo, New York, before administrative law judge Bryce Baird ("the ALJ).  AR at 34-74.  Appearing and testifying at the hearing were Plaintiff, represented by Kelly Laga, Esq., and vocational expert ("VE") Michele D. Robb.

On April 22, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 12-29 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 363-64.  On May 14, 2020, the Appeals Council issued a decision denying Plaintiff's

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on February 8, 2021 (Dkt. 10).

request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-6.  On July 13, 2020, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On April 9, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum").  On September 1, 2021, Defendant moved for judgment on the pleadings (Dkt. 13) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of His Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 13-1) ("Defendant's Memorandum").  Filed on October 13, 2021, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Andre J. ("Plaintiff"), born November 7, 1982, was 32 years old as of July 26, 2015, his alleged disability onset date ("DOD"), and 36 years old as of April 22, 2019, the date of the ALJ's decision.  AR at 15, 25, 387, 391.  Plaintiff never married, and has two children.  AR at 60-61.  Plaintiff was living with his grandmother, brother, and 13-year old son, but after his grandmother passed away, Plaintiff moved into an

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

apartment with his six-year old daughter and the daughter's mother, and Plaintiff's son moved to another city where the child resides with his mother. AR at 44-45, 47, 61.

In school Plaintiff received special education services since 1993, and graduated high school where he attended special education classes, obtaining an Individualized Education Program diploma (typically awarded to students who received special education services). AR at 43, 46, 392, 434-65. Plaintiff has not received any further education or vocational training, AR at 46-47, 392, 408, but obtained a driver's license, and drives a couple of times a week to the grocery store and the laundromat. AR at 47-48, 400. Plaintiff has limited work experience, most notably working in a barbershop for almost one year. AR at 49. Other than the barbershop job, Plaintiff has worked only briefly on a temporary basis which Plaintiff attributes to an inability to focus. AR at 49.

It is undisputed that Plaintiff suffers from borderline intellectual functioning. Between June 17, 2011 and July 27, 2015, Plaintiff was incarcerated at CCA-Northeast Correctional Center ("NCC") where he received treatment, as relevant here, for depression. AR at 75-243, 523-668. On December 5, 2016, Plaintiff commenced receiving received mental health treatment at Lakeshore Behavioral Health ("Lakeshore"), for major depressive disorder, recurrent episode, mild, and psychosocial problems related to his incarceration and low income, but stopped attending treatment in September 2017, after which Lakeshore lost contact with Plaintiff, and Plaintiff was discharged from treatment on December 20, 2017. AR at 466-508. In connection with his disability benefits application, on November 19, 2016, Plaintiff underwent a consultative psychiatric evaluation by psychologist Gregory Fabiano, Ph.D. ("Dr. Fabiano"), AR at 509-12, who also performed an intelligence evaluation. AR at 513-16.

On December 6, 2016, State Agency review psychologist O. Fassler, Ph.D. ("Dr. Fassler") completed a Psychiatric Review Technique ("PRT") based on a review of Plaintiff's medical records.  AR at 244-54.

## DISCUSSION

1.  **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine

5

whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (citing *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)).

**2.      Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be

addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 7, 2016, the disability benefits application date, AR at 17, and suffers from the severe impairments of a history of a learning disability and depressive disorder, *id*., but does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 17-20.  The ALJ found Plaintiff retains the RFC to perform a full range of work at all exertional levels but with nonexertional limitations including simple routine tasks that can be learned after a short demonstration or within 30 days, work that, because of a difficulty maintaining concentration and focusing, would allow for Plaintiff to be off task approximately 5% of the workday in addition to regularly scheduled breaks, work requiring only simple work-related decisions, does not require travel to unfamiliar places, requires no more than superficial interaction with the public and up to occasional interaction with co-workers, does not require teamwork such as on a  production line, requires doing the same tasks every day with little variation in location, hours, and tasks, and involving no production rate or pace work.  AR at 20-24.  The ALJ further determined Plaintiff has no past relevant work, but that based on his age, defined as a younger individual, high school education, ability to communicate in English, RFC, and despite no transferable skills, can perform work existing in the national economy including as a hand packer, cleaner, and assembler.  AR at 24-25.

Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id*. at 25.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ accorded "substantial weight" to Dr. Fabiano's consultative opinion without explaining those portions of the opinion that contradict the ALJ's RFC determination, Plaintiff's Memorandum at 15-19, and improperly selected and "cherry-picked" the evidence of record resulting in an RFC determination that is not supported by substantial evidence in the record.  *Id*. at 19-24.  Defendant argues substantial evidence supports the ALJ's assessment of Plaintiff's RFC.  *Id*. at 8-12.  In reply, Plaintiff argues the ALJ's Decision fails to explain how he arrived at certain limitations such as that Plaintiff would be off-task for 5% of the workday, Plaintiff's Reply at 1, and failed to reconcile such findings with Dr. Fabiano's opinion.  *Id*. at 1-6.  In formulating Plaintiff's RFC, the ALJ gave "substantial weight" to the consultative opinion of Dr. Fabiano, AR at 23-24, and "great weight" to the opinion of state agency medical consultant Dr. Fassler.  AR at 24.  A plain reading of both opinions establish they support the ALJ's RFC determination with regard to the four categories of mental functioning assessed in connection with a disability benefits claim based on a mental impairment, [5] including limitations in understanding and memory, and, as Plaintiff particularly challenges here, Plaintiff's Memorandum at 16-19, maintaining concentration, persistence and pace, social interaction, and adaptation. [6]

---

[5] It is undisputed that Plaintiff does not allege he suffers from any physical impairment or limitation.
[6] An impairment in adapting or managing oneself refers to "the abilities to regulate emotions, control behavior, and maintain well-being in a work setting." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(E)(4).

In particular, both Dr. Fabiano and Dr. Fassler found Plaintiff moderately limited in the ability to understand, remember, and carry out detailed instructions, to maintain attention and concentration for extended periods, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR at 511 (Dr. Fabiano), and 251 (Dr. Fassler). Both Dr. Fabiano and Dr. Fassler also found Plaintiff either mildly limited or without any significant limitation in his ability to relate adequately with others, appropriately deal with stress, and make appropriate decisions. AR at 511 (Dr. Fabiano), and 251 (Dr. Fassler). Although Dr. Fabiano also found Plaintiff to be moderately limited in his ability to follow and understand simple directions and instruction, perform simple tasks independently or needs supervision, and maintain a regular schedule, and learn new tasks, AR at 511, Dr. Fassler found Plaintiff "not significantly limited" with regard to such functions. AR at 250-51. Dr. Fabiano found Plaintiff was mildly limited in his ability to adequately relate to others, and appropriately deal with stress and, despite his cognitive limitations attributed to his borderline intellectual functioning, was not limited in his ability to make appropriate decisions. AR at 515-16. In contrast, Dr. Fassler opined Plaintiff was moderately limited in his ability to get along with coworkers and peers, to accept instruction and respond to criticism from supervisors, and to appropriately interact with the general public, *id*. at 251, but was not significantly limited in appropriately responding to changes in the work setting. *Id*. Significantly, neither Dr. Fabiano nor Dr. Fassler found Plaintiff with any marked or extreme functional limitations.

These findings support the ALJ's determination that Plaintiff retains the RFC for a full range of work at all exertional limitations, with non-exertional limitations of "simple routine tasks that can be learned after a short demonstration or within 30 days," work that "would not require more than simple work-related decisions," requires no travel to unfamiliar places, has "no more than superficial interaction with the public and up to occasional interaction with co-workers," no team work such as on a production line, no production rate or pace work, but work requiring "doing the same tasks every day with little variation in location, hours, or tasks . . . ." AR at 20. *See Ana H. v. Comm'r of Soc. Sec.*, 2020 WL 6875252, at *10 (W.D.N.Y. Nov. 23, 2020) (RFC limiting plaintiff to simple, routine and repetitive tasks adequately accounts for moderate limitations in concentration, persistence, and pace); *Hill v. Comm'r of Soc. Sec.*, 2020 WL 836386, at * 4-5 (W.D.N.Y. Feb. 20, 2020) (RFC limiting the plaintiff to "performing simple, routine and repetitive tasks and simple work-related decisions, and only occasional interaction with co-workers and the public adequately accounts for even "marked" limitations in a claimant's ability to adapt or manage oneself); *Brogdon v. Berryhill*, 2019 WL 1510459, at *14 (S.D.N.Y. Mar. 22, 2019) (limiting the plaintiff to simple work-related tasks with only occasional contact with others accounted for her memory limitations); *Johnson v. Berryhill*, 2018 WL 4539622, at *6 (W.D.N.Y. Sept. 21, 2018) ("Contrary to Plaintiff's argument, the ALJ included significant mental limitations in the RFC finding, including limiting Plaintiff to simple, routine tasks – a limitation which accounts for [the treating provider's] findings regarding Plaintiff's difficulties in maintaining attention and concentration, performing complex tasks, and learning new tasks."); *Gibbons Thornton v. Colvin*, 2016 WL 611041 at *4 (W.D.N.Y. Feb. 16, 2016) ("[T]he determination that

Plaintiff should not have consistent contact with the general public accounts for ... moderate social limitations." (internal quotation marks omitted)); *Reilly v. Colvin*, 2015 WL 6674955, at *3 (W.D.N.Y. Nov. 2, 2015) ("[G]enerally a limitation to only 'occasional' or 'limited' contact with others has been found sufficient to account for moderate limitations in social functioning."). Significantly, an ALJ's RFC determination need not be supported by a specific medical opinion, particularly where the plaintiff has failed to adduce evidence inconsistent with the ALJ's RFC determination. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 818 Fed.Appx. 108, 109-10 (2d Cir. 2020) (finding that, "although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination," that determination was support by substantial evidence because treatment notes were "in line" with the determination and the plaintiff "failed to adduce any medical evidence inconsistent with the ALJ's determinations"). Here, Plaintiff does not point to any specific evidence in the record demonstrating any inconsistencies with the RFC limitation concerning Plaintiff's moderate limitations in performing simple work involving repetitive and routine tasks independently or with supervision, and maintaining a work schedule.

Nor is there any merit to Plaintiff's argument, Plaintiff's Reply at 1-6, that the ALJ's determination that Plaintiff, in addition to regularly scheduled breaks, would be off-task approximately 5% of the work day because of difficulty maintaining concentration and focusing, was improper because the ALJ failed to explain his reasons for such opinion which does not find any support in the administrative record. Although neither Dr. Fabiano nor Dr. Fassler opined that Plaintiff would be off-task for an additional 5% of the work day, the ALJ, in fashioning the specific limitation, exercised

his "discretion to assess limitations more severe than those supported by the medical evidence of record in deference to Plaintiff's testimony," which is not reversible error. *See Lynessa M. v. Comm'r of Soc. Sec.*, 2021 WL 4437184, at * 5 (W.D.N.Y. Sept. 28, 2021) (citing *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) ("It appears the ALJ credited Plaintiff's testimony that she could not focus and was easily distracted, and assessed a more generous limitation of 5% off-task time. The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand." (internal citation omitted)). *See also Baker v. Berryhill*, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record."). Further, "[a]t most, any error attributable to the ALJ's formulation of an RFC with more restrictions than supported by the record is harmless. *Lanisha P. v. Saul*, 2021 WL 1730877, at *5 (W.D.N.Y. May 3, 2021) (citing *Ramsey v. Comm'r of Soc. Sec.*, 830 Fed.Appx. 37, 39 (2d Cir. 2020) (affirming the district court's decision upholding the ALJ's decision although "the ALJ occasionally deviated from the consultative examiners' recommendations to *decrease* [the plaintiff]'s RFC based on other evidence in the record, exemplified by the ALJ's determination that [the plaintiff] should not interact with the public. The ALJ committed no error by determining the scope of [the plaintiff]'s RFC because that is his responsibility." (italics in original)). *See also Ellen A. v. Saul*, 2021 WL 1087949, at *4 (W.D.N.Y. Mar. 22, 2021) (even if the ALJ errs by formulating an RFC that is technically unsupported by the record because it assesses greater limitations than contained within the medical opinions of record, such error is harmless).

In the instant case, the ALJ relied, in formulating the 5% additional time off-task, on Plaintiff's testimony and medical evidence of Plaintiff's activities of daily living, including that Plaintiff drives, cares for his six-year old daughter while the child's mother works, cooks simple meals, attends church, and, prior to his grandmother's death in 2018, assisted his grandmother with such chores as taking out the garbage, cleaning her car, and raking the lawn. AR at 23. In further support of his determination that Plaintiff would be off-task only 5% of a work day because of a concentration and focusing limitation, the ALJ also relied on Plaintiff's statements made during counseling sessions at Lakeshore including, for example, on December 15, 2016 that Plaintiff was looking forward to spending the holiday with his children for the first time since his incarceration, AR at 23 (citing AR at 476), and on February 1, 2017 that Plaintiff began working out at a gym and spending time with his children and "staying out of trouble." AR at 23 (citing AR at 478).

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's decision that Plaintiff is not disabled under the Act. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault*, 683 F.3d at, 448 (italics in original)). Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not

high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, 1154 (2019) (internal citation and quotation marks omitted).  Indeed, as noted, see Discussion, *supra*, at 6, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet*, 523 Fed.Appx. at 59 (quoting *Brault*, 683 F.3d at 448) (italics in original).  In the instant case, the ALJ's decision that Plaintiff could perform the full exertional range of work with only non-exertional limitations, such that Plaintiff is not disabled, is supported by substantial evidence in the record.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 13) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    November 2nd, 2021
          Buffalo, New York